JOHN H. BLAKE *vs.* BENJAMIN F. BAYLEY.

A party whose counsel is present and silent at the return and acceptance of a verdict cannot afterwards object to it upon the ground that the court had been adjourned before the jury came in.

The records of a corporation, showing the election at their annual meeting of a certain person as a director, and his presence and making motions at a subsequent meeting of the directors, are not conclusive evidence against him that he accepted the office.

ACTION OF TORT against a deputy sheriff for levying an execution against the New England Mining Company, a corpora-

tion established in this commonwealth, upon property of the plaintiff as a director thereof.

At the trial in the superior court of Suffolk at March term 1859, before *Nash*, J., all the other facts were agreed by the parties, and by agreement the single issue submitted to the jury was whether the plaintiff was a director of the corporation in 1857.

The defendant put in evidence the records of the corporation, verified by the testimony of their clerk, by which it appeared that at its annual meeting on the 14th of January 1857 the plaintiff was duly elected a director for the ensuing year; and that at a regular meeting of the directors on the 12th of February 1857 he was present, and made two motions, which were put to vote and carried. The plaintiff testified that he was a stockholder in the corporation, but was not present at that annual meeting; that soon afterwards he received a written notice of his election, to which he thought, but was not sure, that he replied; that he shortly afterwards called on the president, and told him that he should not accept the office of director; that he attended said directors' meeting at the special request of the president, to advise with them as to the affairs of the corporation, and only made informal suggestions and no formal motion, but expressly said at the meeting that he was not a director and should not accept the office. It was not contended that the records were fraudulently made.

The defendant objected to this testimony, upon the ground that the records, having been made by the sworn clerk of the corporation and agent of the plaintiff as one of the stockholders, were the only competent evidence of the proceedings at the directors' meeting, and could not be contradicted and controlled by him. The judge ruled that the records were *prima facie*, but not conclusive evidence; that the plaintiff's testimony was admissible; that he was not constituted a director by the election merely, unless he had accepted the office; and whether he had accepted it was for the jury to determine upon all the evidence. To this ruling the defendant alleged exceptions, which were allowed by the judge.

The bill of exceptions, as allowed, then stated the following proceedings: At the usual hour of adjournment in the afternoon, the jury were out; and the judge left the bench, without having given any verbal order for the adjournment and before the proclamation therefor was completed, and without having given any order as to the jury who were out, and passed into the adjacent lobby, leaving the intervening doors open. In a moment or two the judge came back into the court room, while the clerk and other officers of the court remained in their usual places, and, in the presence of the defendant's counsel, recalled and vacated any adjournment that had been made. The jury then came in, and the judge directed the verdict to be taken, the defendant's counsel being present and interposing no objection, and the jury rendered and affirmed their verdict that the plaintiff was not a director. Whereupon the court adjourned.

The defendant afterwards moved that the verdict be set aside and a new trial granted, because the verdict was received by the judge and recorded by the clerk after the court had adjourned and while it was not in session. But the judge overruled the motion, " on the ground that courts have a right to recall and vacate proclamations and adjournments as prematurely and inconsiderately made, for the necessary or reasonable transaction of business, so long as no one is thereby prejudiced; and that, under the above circumstances, it was impossible that the defendant was prejudiced; and that there was not, in fact, a substantial adjournment; and that if there was, the presence of the defendant's counsel was tantamount to an assent and a waiver of error." The judge, the defendant objecting and excepting, ordered judgment on the verdict for the plaintiff, and the defendant alleged exceptions.

It was alleged in the bill of exceptions as originally tendered by the defendant, (though not as allowed by the judge,) and was proved before a commissioner appointed by this court upon the defendant's petition to establish the truth of his exceptions, by the concurrent testimony of the clerk of the court, the officer who made the proclamation of adjournment, and the defendant's counsel, (the plaintiff's counsel not having been present,)

that a proclamation adjourning the court until the next day had been made in the usual manner by order of the judge before he left the bench and while the jury were out.

*A. A. Ranney*, for the defendant.

*H. F. Smith*, for the plaintiff.

METCALF, J. The defendant's counsel, being present in the court room when the verdict was returned, and making no objection thereto, waived the irregularity (if any) and the objection is not open to the defendant.

The evidence which was objected to by the defendant at the trial was rightly received.

*Exceptions overruled, and judgment affirmed.*